UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

-FILED-

MAY 0 6 2025

At ——————————— M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

Dr. Malcolm Tanner,

    Plaintiff,

v.

City of Muncie, Indiana;

John Does 1–10, in their individual and official capacities,

    Defendants.

Case No.    **1 : 25 C V 2 2 7**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
(42 U.S.C. § 1983 - Fourth Amendment Violation)

Plaintiff Dr. Malcolm Tanner, by and for his Complaint against the above-named
Defendants, alleges as follows:

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331
and 28 U.S.C. § 1343, as this case involves federal questions under the Constitution and
laws of the United States, including 42 U.S.C. § 1983.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b), as the events giving rise to
the claims occurred in the Southern District of Indiana.

3. Plaintiff Dr. Malcolm Tanner is a resident of the State of Indiana and the owner of the
properties located at 1224 South Elm Street and 408 E. 6th Street in Muncie, Indiana.

4. Defendant City of Muncie is a municipal entity in the State of Indiana responsible for
the actions of its employees, agents, and departments.

5. Defendants John Does 1–10 are unknown individuals who were, at all relevant times,
employees or agents of the City of Muncie, acting under color of state law.

6. On May 28, 2024, and again on January 14, 2025, City of Muncie agents or employees entered Plaintiff's private properties located at 1224 South Elm Street and 408 E. 6th Street without presenting a valid search warrant, court order, exigent circumstances, or Plaintiff's consent.

7. These entries were unauthorized and unlawful and violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

8. The entries were part of a pattern of unconstitutional conduct by the City of Muncie and its agents, demonstrating deliberate indifference to Plaintiff's civil rights.

9. Plaintiff suffered emotional distress, mental anguish, physical symptoms, reputational harm, and ongoing fear and trauma due to Defendants' actions.

COUNT I – Fourth Amendment Violation (42 U.S.C. § 1983)

10. Plaintiff incorporates by reference all preceding paragraphs.

11. Defendants, acting under color of state law, deprived Plaintiff of his clearly established Fourth Amendment rights.

12. Plaintiff is entitled to compensatory damages, punitive damages, injunctive relief, and attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against Defendants;

b. Award compensatory damages in the amount of $50,000,000;

c. Award punitive damages against the individual defendants;

d. Enter injunctive relief prohibiting Defendants from further unauthorized entries;

e. Award costs of this action, including reasonable attorney's fees under 42 U.S.C. § 1988; and

f. Grant such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL
Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dr. Malcolm Tanner

Date: May 6, 2025